UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WILBERT KELLY JR.

VERSUS                                          CIVIL ACTION

WARDEN BURL CAIN, ET AL                         NUMBER 08-579-JVP-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, September 22, 2008.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WILBERT KELLY, JR. (#486080)

VERSUS

WARDEN BURL CAIN, ET AL

CIVIL ACTION

NUMBER 08-579-JVP-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the petition of Wilbert Kelly, Jr. for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner was found guilty of one count armed robbery and one count use of a firearm during commission of an armed robbery in the Twentieth Judicial District Court for the Parish of East Feliciana, Louisiana on August 26, 2004.  Petitioner was sentenced to 35 years imprisonment in the custody of the Louisiana Department of Public Safety and Corrections on the armed robbery charge and to a consecutive five year term of imprisonment on the charge of using of a firearm during the commission of an armed robbery.

Petitioner did not appeal his conviction and sentences.

Petitioner signed an application for post-conviction relief on August 17, 2006 and it was filed on August 18, 2006.  The trial court denied relief.  Petitioner sought review by the Louisiana First Circuit Court of Appeal.  The Louisiana First Circuit Court of Appeal denied review. *State of Louisiana ex rel. Wilbert Kelly v. State of Louisiana*, 2007-0541 (1st Cir.).  Petitioner sought

1

review by the Louisiana Supreme Court.  The Louisiana Supreme Court denied review on August 31, 2007.  *State of Louisiana v. Wilbert Kelly*, 962 So.2d 429 (La. 2007).

Petitioner filed his federal habeas corpus application through counsel on September 12, 2008.

No evidentiary hearing is required.  Petitioner's federal habeas corpus application is untimely.

Under § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act, a prisoner in custody pursuant to the judgment of a state court has a one year period within which to file an application for a writ of habeas corpus.  The limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).

Petitioner's conviction became final on September 27, 2004.[1]  The time limit to file a federal habeas corpus application expired long before the petitioner sought post-conviction relief in the trial court.[2]  Petitioner's federal habeas corpus application was

---

[1] A motion for appeal must be made no later than 30 days after the rendition of judgment or ruling. La.C.Cr.P. art. 914(B)(1). For purposes of § 2244(d)(1)(A), a state conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. The last day of the 30-day period fell on September 25, 2004, which was a Saturday.  Thus, the time period was extended to the next business day for the court, which was Monday, September 27.

[2] Although the petitioner did not file the entire state court
(continued...)

2

not timely filed.[3]

### RECOMMENDATION

It is the recommendation of the magistrate judge that the petitioner's application for habeas corpus relief be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

Baton Rouge, Louisiana, September 22, 2008.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[2](...continued)
record in support of his federal habeas corpus application, the portions of the state court record produced are sufficient to determine whether the petitioner's federal habeas corpus application is timely. Moreover, the dates relied upon to determine timeliness are undisputed by the petitioner.

[3] As provided by § 2254(d)(2), the time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim, is pending shall not be counted toward any period of limitation under this subsection. A state application is "pending" during the intervals between the state court's disposition of a state petition for review and the petitioner's timely filing of petition of review at the next level. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). However, tolling of the one year to file a federal habeas corpus application is not an issue in this case since the time to file a federal habeas corpus application had already expired before he filed his application for state post-conviction relief.
   In order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief. *Coleman v. Johnson*, 184 F.3d 398 (5th Cir. 1999). A review of the record disclosed no "rare and exceptional circumstances" to justify equitable tolling. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999).