UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**WILBERT KELLY, JR.**     **CIVIL ACTION**

**VERSUS**

**BURL CAIN, ET AL.**     **NO. 08-579-SDD-RLB**

## RULING

This matter comes before the Court on the petitioner's Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(B) (R. Doc. 17), wherein the petitioner requests that the Court reconsider its finding that the plaintiff is not entitled to equitable tolling. This Motion shall be denied.

On September 22, 2008, the Magistrate Judge issued a Report and Recommendation recommending that the petitioner's application for writ of habeas corpus be denied with prejudice, as untimely. *See* R. Doc. 4. The plaintiff filed an Objection (R. Doc. 5) which was considered by the Court prior to issuing its Ruling and Judgment on October 14, 2008 adopting the Magistrate Judge's Report and Recommendation. *See* R. Docs. 6 and 7. The petitioner did not file the instant Motion until May 11, 2021, over 12 years after the Court issued its judgment in this matter.

Federal Rule of Civil Procedure 60(b) provides that relief from a judgment or order may be had for (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, misrepresentation or misconduct by an opposing party, (4) a void judgment, (5) a judgment that has already been satisfied, is no longer equitable, or has effectively been overturned, or (6) any other reason that justifies such relief. Rule 60(c)(1) makes clear that a motion brought pursuant to Rule 60(b)(4) or 60(b)(6) "must be made within a reasonable time" unless good cause can be shown for the delay. *In re Osborne*, 379 F.3d 277, 283 (5th Cir. 2004). What constitutes

"good cause" for a reasonable delay "must necessarily be evaluated on a case-by-case basis." *Id.* "The timeliness of the motion is measured as of the point in time when the moving party has grounds to make such a motion, regardless of the time that has elapsed since the entry of judgment." *First Republic Bank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 120 (5th Cir. 1992). Once a party has grounds to make a Rule 60(b) motion, however, he must bring the motion reasonably promptly, though "the determination of reasonableness is less than a scientific exercise." *Id.* at 121.

The petitioner does not assert that any action or inaction on the part of the Court or the state contributed to his delay in filing the instant Motion. Rather, the petitioner attributes the delay to the late discovery that his trial counsel was suspended from the practice of law while representing the petitioner. As noted by the Court in *Pryor*, "…it has long been held, particularly in civil litigation, that the mistakes of counsel, who is the legal agent of the client, are chargeable to the client, *see, e.g., Link v. Wabash R.R. Co.,* 370 U.S. 626, 82 S.Ct. 1386, 1390 & n. 10, 8 L.Ed.2d 734 (1962), no matter how "unfair" this on occasion may seem. This is especially true where the timeliness of post judgment filings is concerned, in part because the rule requiring timely notice of appeal is jurisdictional, and in part because of the need that a clear, objective line of finality be drawn with reliable definiteness at some point in time…Were this Court to make an exception to finality of judgment each time a hardship was visited upon the unfortunate client of a negligent or inadvertent attorney, even though the result be disproportionate to the deficiency, courts would be unable to ever adequately redraw that line again, and meaningful finality of judgment would largely disappear."

Furthermore, the petitioner was aware of his then counsel's suspension on September 12, 2008 when the petitioner filed Petition for Writ of Habeas Corpus, wherein counsel's suspension

is relied upon by petitioner with regards to equitable tolling. *See* R. Doc. 1. Even if the Court were to accept the petitioner's argument that he could not have known of his counsel's suspension until June 15, 2012, the time elapsed between then and the filing of the instant Motion (R. Doc. 17) in May of 2021 is not a reasonable time under Rule 60.

Several courts have found that significantly less time is not reasonable. *See Scheanette v. Quarterman*, 309 Fed. Appx. 870, 873 n. 2 (5th Cir. 2009) (finding 60(b) motion not made within a reasonable time where petitioner "offers no explanation for why it took him nearly two years to seek reconsideration of the district court's decision especially when the grounds he raises were known to him at the time the petition was filed and denied."); *Earl v. Johnson*, 51 F.3d 1043, *1 (5th Cir. 1995) (finding two years is not a reasonable time where petitioner failed to show he was prevented from discovering legal basis of motion or was prevented from filing motion); *First Republic Bank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 120 (5th Cir. 1992) (finding two year delay in filing Rule 60(b) motion is not within reasonable time where there is no plausible justification for the delay); *Bilbrey v. Quarterman*, 2006 WL 1982489, *2 (N.D. Tex. July 11, 2006) ("absent any cogent explanation," two years is not a reasonable time). As such, the petitioner's Motion should be denied as untimely[1].

Accordingly, **IT IS HEREBY ORDERED** that the plaintiff's Motion (R. Doc. 17) is **DENIED.**

Baton Rouge, Louisiana, this 17th day of March, 2022.

**SHELLY D. DICK, CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[1] Additionally, Petitioner has failed to show any nexus between trial counsel's purported misconduct and the untimeliness of his Petition. Accordingly, he would not be entitled to equitable tolling of the one-year limitations period as previously decided by this Court.